## THURMAN WILLIAMS V. STATE.

No. 24161. November 10, 1948.

Hon. Langford G. King, Judge Presiding.

No attorney of record on appeal for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. B. Guggan* and *E. T. Branch,* Assistants Criminal District Attorney, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a death sentence for murder. The indictment returned by the Grand Jury of Harris County on January 23, 1948, alleges the murder of C. N. Herridge by shooting him with a gun.

The evidence shows that on the night of October 28, 1947, Herridge and his wife had retired and that shortly thereafter they were awakened by the noise made by someone starting their car. They rushed to the door and saw the car rolling backwards out of the driveway towards the street. Herridge made a dash for the car and when he was within a few feet of it a flash of fire was seen and the sound of a gun was heard. Herridge screamed and fell to the ground dead. He was shot through the heart and died instantly. The man in the car got out, left it a few feet but returned to it and again started the car and backed it into the street where it ran into a culvert and was

fastened. After several efforts to extricate the automobile he fled from the car and, as he did so, a witness in a car that was approaching saw the party and was able to describe a jacket which he wore, but was not able to identify appellant as the party escaping.

Many days passed before an arrest was made. A reward of $100.00 was offered through the newspapers for the one who would find the gun that did the shooting. Appellant was advised of this and took an officer to the place where the gun was, recovered it and the next day he received the hundred dollars. Up to this time there appears to have been no suspicion that he was the guilty party. The investigation, however, centered on him and circumstances were developed which caused his arrest.

When he was brought to the court house he signed a written confession which was introduced without objection. This confession included the story of the burglary of a residence during a night about ten days prior to the homicide in which he stole a jacket and some other articles. On the following Sunday night he burglarized another house and stole a gun. The murder occurred on Tuesday night thereafter. Both the gun and the jacket were identified as the articles taken in the burglaries. The jacket fits the description given by the man who approached the scene of the murder as the party fled. The confession gives further details of the killing and of the escape. The investigation by the officers revealed a large number of circumstances all of which were in harmony with the statements made in the confession. There is nothing contradictory of such statements to be found in the record. Under this state of facts and in the absence of objection to the admission of the confession in evidence no error was shown. Wesley v. State, 147 S. W. (2d) 493.

When the case was called for trial a motion was made to quash the venire on the ground as stated, "* * * that the names of the selected veniremen were not selected by a jury commission appointed by this court, at this term of court, as required by the General Law of the State of Texas, being Article 2104, * * * but were drawn from the jury wheel of said county, * * *."

This Court will take judicial knowledge that the population of Harris County and of the City of Houston, according to the last census, was such as to require that a venire be selected by drawing the names from a jury wheel as provided by Article 591, Code of Criminal Procedure. See Wesley v. State, supra.

The evidence in this case consists of circumstances in addition to the confession which are at least very convincing. A large number of officers were engaged in making the investigation, the fruits of which are detailed at length but we do not consider it necessary to recite them all. They are so woven together as to point unerringly to appellant as the party guilty of the murder, and corroborate in perfect detail the recitations in his confession.

No other question of law has been raised which requires discussion and we find no error shown by the record. The judgment of the trial court is affirmed.